# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910 *Plaintiff*, v. ENVIRONMENTAL PROTECTION AGENCY 1200 Pennsylvania Avenue, N.W. Washington, DC 20460 *Defendant.* | CIVIL ACTION NO. 1:20-cv-2172 |

## **PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Environmental Protection Agency ("EPA") to disclose records requested pursuant to FOIA. Specifically, PEER is seeking public records regarding per- and polyfluoroalkyl substances ("PFAS") and the long delay of an interactive map created to provide the public with information on potential PFAS sources and occurrence.

2. To date, Defendant has failed to make a determination on Plaintiff's FOIA requests or to disclose to the Plaintiff any of the requested documents within the time stipulated under FOIA or provide any date when such documents will be disclosed.

## **JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

4. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

5. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

6. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

7. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

8. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and governmental accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEER Review* newsletter.

9. Defendant EPA is an agency of the United States under 5 U.S.C. § 552(f)(1).

10. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. The Defendant's refusal to provide the Plaintiff with the records requested within 20 working days of March 11, 2020, is a violation of FOIA.

## STATEMENT OF FACTS

11. On February 14, 2019, EPA issued "EPA's Per- and Polyfluoroalkyl Substances (PFAS) Action Plan" containing several embedded documents which purported to "outlines concrete steps the agency is taking to address PFAS and to protect public health[1]  In the main document for its Action Plan, EPA explained:

    > Many stakeholders have questioned the extent and magnitude of PFAS contamination across the United States. To help fill these information gaps, the EPA intends to compile baseline, publicly available, PFAS environmental data into a visual map. Mapping tools can be used to show known or potential PFAS contamination sources and related information. The EPA may also specify sites of interest to environmental monitoring, such as wildlife refuges and fisheries, as well as additional impacted environmental media (for example, air or soil). These efforts can be used to help assess environmental trends in PFAS concentrations and serve as one source of information for local and regional authorities. EPA, EPA's PER- AND POLYFLUOROALKYL SUBSTANCES (PFAS) ACTION PLAN 31 (2019), available at https://www.epa.gov/sites/production/files/2019-02/documents/pfas_action_plan_021319_508compliant_1.pdf.

12. To respond to these concerns, EPA stated at page 5 of the Action Plan, under a section titled "Identifying and Addressing PFAS Exposures," that it would "Partner with ECOS to build an interactive map to provide users with easy access to publicly available data on potential PFAS sources and occurrence." Id. EPA anticipated in the Action Plan that the map would be completed and implemented in 2019.

13. On March 11, 2020, PEER submitted a FOIA Request to EPA via FOIAonline.gov seeking information related to the development of this interactive PFAS Map. Specifically, PEER sought:

    a. Timelines for release of the National PFAS Data Explorer;

---

[1] https://www.epa.gov/pfas/epas-pfas-action-plan.

    b. Records and communications relating to the readiness of the National PFAS Data Explorer; and

    c. Communications concerning the timing of the release of the National PFAS Data Explorer.

14. PEER specified in its FOIA request that the records it sought were likely to be held by the EPA Offices of Research and Development, Water, the Administrator, and Chemical Safety and Pollution Prevention.

15. FOIAonline.gov assigned PEER's FOIA request the index number EPA-HQ-2020-003636 in a confirmation email sent the same day.

16. EPA's initial response to PEER's FOIA request was rapid and efficient. On March 23, 2020, an EPA FOIA Officer notified PEER that the agency was seeking an extension of time to respond to PEER's request under 40 C.F.R. § 2.104(d) and sought to extend the due date of the request to June 22, 2020.

17. In response, PEER asked the EPA FOIA Office which custodians would be best to focus the search on to avoid wasted time and effort. By March 27, 2020, the EPA FOIA Office had narrowed its list of potential custodians to 16 named EPA employees. Later that day, PEER inquired why the list did not include any politically appointed officials, and EPA's FOIA office replied that a review of the potentially responsive records would indicate whether any political officials' records should be added to the search, and agreed to add one individual political official to the initial list of potential custodians, David Ross.

18. On June 12, 2020, EPA granted PEER's request for a waiver of fees related to FOIA request EPA-HQ-2020-003636.

19. On June 18, 2020, the EPA FOIA Office sent an email to PEER stating: "EPA is currently in the final stages of review of the responsive records (800+) for this FOIA. However, we will not be ready to release these records by the current due-date of 6/22/20. We ask for an extension to July 7, 2020."

20. PEER agreed to EPA's request to wait until July 7, 2020.

21. On July 2, 2020, EPA FOIA requested another extension of time, to August 7, 2020, "to finalize review and release the records responsive to this FOIA" and asked if PEER concurred.

22. Later on July 2, 2020, PEER replied "What's the nature of the delay? I was under the impression that it was almost wrapped up[.]"

23. As of the date of this filing, August 9, 2020, EPA's FOIA Office has not replied to PEER's July 2, 2020 inquiry about the nature of the delay and PEER did not concur with the need for an extension of the deadline, which EPA has now passed.

24. The official Estimated Date of Completion for PEER's FOIA request on FOIAonline.gov is still July 7, 2020.

## CAUSE OF ACTION

25. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

26. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

27. FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

28. As acknowledged by EPA, twenty working days from March 11, 2020 (the date PEER submitted its FOIA request) was April 7, 2020. As of the date of this filing, Plaintiff has received no documents in response to its FOIA request.

29. As of the date of this filing, EPA has failed to make a final determination on PEER's FOIA request and Plaintiff has received no records in response to its FOIA request.

30. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for its March 24, 2020 FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

31. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding EPA's actions and efforts to map PFAS throughout the nation and provide that critical information to the public.

32. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

33. Defendant's failure to make determinations on or disclose the documents requested in Plaintiff's March 23, 2020, FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on August 9, 2020,

s/ *Paula Dinerstein*
Paula Dinerstein, DC Bar # 333971

Kevin H. Bell
NY Bar No. 5448626 (pending local admission)

Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
*Attorneys for Plaintiff*